UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT



PETER COBURGER,
   *Plaintiff-Appellant,*

  v.

TOYOTA MOTOR SALES, U.S.A.,
INCORPORATED,
   *Defendant-Appellee,*

  and

CENTRAL ATLANTIC TOYOTA
DISTRIBUTORS, INCORPORATED,
   *Defendant.*

No. 00-1449

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-99-1405-JFM)

Submitted: October 5, 2000

Decided: October 23, 2000

Before WILLIAMS and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Daniel Leonard Shea, BRAULT, GRAHAM, SCOTT & BRAULT,
L.L.C., Rockville, Maryland, for Appellant. Emmett F. McGee, Jr.,

PIPER, MARBURY, RUDNICK & WOLFE, L.L.P., Baltimore, Maryland; S. Keith Hutto, Steven A. McKelvey, Jr., NELSON, MULLINS, RILEY & SCARBOROUGH, L.L.P., Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Peter Coburger appeals the district court's grant of summary judgment to Toyota Motor Sales, U.S.A., Incorporated, and the dismissal of his complaint alleging abusive discharge under Maryland law. Coburger contends that his termination from employment violated a clear mandate of public policy. Finding no reversible error, we affirm.

We review a grant of summary judgment de novo. *See Higgins v. E. I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We must view the evidence in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

We agree with the district court that Coburger failed to "'demonstrate the [public] policy in question with clarity, specificity and authority.'" (J.A. at 319) (quoting *Adler v. American Standard Corp.*, 432 A.2d 464, 467 (Md. 1981)) (alteration added). We also agree that Coburger failed to demonstrate that he was terminated because he refused to engage in conduct violating a clear mandate of public policy or because he intended to comply with a statutorily prescribed duty to report the unlawful activity.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*